Lisa MOORE and Eugene Moore, individually and as co-successors in interest of decedent Jeremiah Eugene Moore, Plaintiffs,

v.

CITY OF VALLEJO, a public entity; City of Vallejo Police Chief Joseph Kreins, in his individual and official capacities; Officer Sean Kenney, individually; and Does 1–20, individually, jointly, and severally, Defendants.

No. 2:14–cv–00656–JAM–KJN.

United States District Court, E.D. California.

Signed Oct. 17, 2014.

Michael Joseph Haddad, Genevieve K. Guertin, Julia Sherwin, Thomas Kennedy Helm, IV, Haddad & Sherwin, Oakland, CA, for Plaintiff.

Furah Z. Faruqui, City of Vallejo, Vallejo, CA, for Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

JOHN A. MENDEZ, District Judge.

Defendants City of Vallejo ("the City"), City of Vallejo Police Chief Joseph Kreins ("Chief Kreins") and Officer Sean Kenney ("Officer Kenney") (collectively "Defendants") move to dismiss (Doc. # 21) the first, second, fourth, fifth, sixth, and seventh causes of action in Plaintiffs Lisa and Eugene Moore's (collectively "Plaintiffs") First Amended Complaint ("FAC") (Doc. # 13).[1] Defendants' motion is granted in

---

1. This motion was determined to be suitable for decision without oral argument. E.D.

part and denied in part for the reasons set forth below.

## I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

According to the FAC, on or about October 21, 2012, at approximately 1:30 a.m., Vallejo Police Department officers (collectively "the officers"), including Officer Kenney, fatally shot Decedent Jeremiah Eugene Moore ("Decedent") at his home. Before they arrived, the officers were informed that Decedent was suffering from developmental disabilities including an Autism Spectrum Disorder, mental illness, and/or emotional disturbance. Upon arrival, the officers found Decedent walking naked in front of his home without a weapon and posing "no significant or immediate threat" to the officers. The officers commanded Decedent to get on the ground, and when he did not the officers, including Officer Kenney, shot Decedent multiple times. Plaintiffs allege that the officers falsely reported that Decedent was threatening them with a gun inside his home when the officers shot him.

Plaintiffs filed the FAC in April 2014 on their own behalf as well as co-successors in interest for their son, Decedent. The seven causes of action pled in the FAC are: (1) violation of 42 U.S.C. § 1983 ("§ 1983") against Officer Kenney and Does 1–20; (2) violation of § 1983 against the City, Chief Kreins, and Does 1–20 based on municipal and supervisory liability; (3) violation of the Americans with Disabilities Act and the Rehabilitation Act against the City; (4) violation of California Civil Code § 52.1 against Officer Kenney, the City, and Does 1–20; (5) negligence against all Defendants; (6) assault and battery against Officer Kenney, the City, and Does 1–20; and (7) violation of California Civil Code § 51.7 against Officer Kenney, the City, and Does 1–20.

## II. OPINION

### A. Request for Judicial Notice

 Both parties have submitted requests for judicial notice. Generally, the Court may not consider material beyond the pleadings in ruling on a motion to dismiss for failure to state a claim. The exceptions are material attached to, or relied on by, the complaint so long as authenticity is not disputed, or matters of public record, provided that they are not subject to reasonable dispute. *E.g.*, *Sherman v. Stryker Corp.*, 2009 WL 2241664 at *2 (C.D.Cal.2009) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir.2001) and Fed.R.Evid. 201).

 Attached to their motion to dismiss is Defendants' request for judicial notice of the Government Tort Claim filed by Plaintiffs in connection with this litigation. MTD at Exh. 1. Such a document is a matter of public record and is necessarily relied on by Plaintiffs in bringing their state law claims, and so the Court takes judicial notice of this document.

 In their opposition, Plaintiffs request the Court take judicial notice of the following facts: (1) the City and Officer Kenney have been named as co-defendants in nine civil rights cases; (2) between 2007 and 2012, there were thirteen fatal officer-involved shootings by Vallejo Police Department officers; and (3) the shooting of Decedent was the third fatal shooting involving Officer Kenney in a period of five months. Opp. at pp. 9–10.

Defendants dispute the reliability of the facts presented by Plaintiffs in their reply, as well as object to Plaintiffs' introduction of new allegations for the first time in opposition to a motion to dismiss. The Court agrees with Defendants that the methodologies used for calculating these

Cal. L.R. 230(g). The hearing was scheduled for August 20, 2014.

statistics and arriving at these facts are subject to reasonable dispute. The Court, therefore, denies Plaintiffs' request for judicial notice.

### B. *Analysis*

#### 1. *Section 1983 Claims Against Officer Kenney*

Plaintiffs' first cause of action alleges violations of § 1983 based on the First, Fourth, and Fourteenth Amendments to the United States Constitution. FAC ¶ 29. Defendants contend the first cause of action should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). MTD at pp. 6–9. Defendants argue there are insufficient factual allegations to support the claims. Defendants also contend the first cause of action should be dismissed to the extent it is based on the Fourteenth Amendment. MTD at pp. 9–10.

#### a. *Failure to State a Claim*

■ Defendants argue that the allegations supporting the first cause of action are "completely devoid of *any factual* content." MTD at p. 8. The Court disagrees.

A careful review of the FAC demonstrates that Defendants' contention that the allegations are merely conclusory and "completely devoid" of underlying factual content is without merit. Plaintiffs allege very clearly that Decedent was disabled and the officers knew this fact. Yet, upon arriving at Decedent's home at 2504 Alameda Street in the City of Vallejo on October 12, 2012, they failed to take this into account and unjustifiably shot Decedent multiple times while he was unarmed and naked, killing him. These are sufficient allegations of underlying facts, which taken as true, entitle Plaintiffs to relief. Accordingly, the Court denies Defendants' motion to dismiss this claim.

#### b. *The First, Fourth, and Fourteenth Amendments*

The briefs for both parties discuss the propriety of bringing the claims asserted in the first cause of action under the specific Amendments cited by Plaintiffs.

The first cause of action brings claims on behalf of Decedent based on his rights to be free from (1) unreasonable searches and seizures; (2) excessive and unreasonable force in the course of arrest or detention; and (3) the use of unlawful deadly force. FAC ¶ 29. The FAC alleges these rights are secured by the Fourth and Fourteenth Amendments. The FAC further alleges violation of the right to be free from wrongful interference with familial relationships and the right to companionship, society and support as secured by the First, Fourth and Fourteenth Amendments.

■ Defendants contend Plaintiffs' reliance on the Fourteenth Amendment in relation to their claims brought on behalf of Decedent is improper. MTD at pp. 9–10. It is true that the Fourth Amendment is the proper constitutional basis for the § 1983 claims on behalf of Decedent; the reference to the Fourteenth Amendment appears to be an unnecessary reference to the incorporation doctrine. *Graham v. Connor*, 490 U.S. 386, 393–94, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989); *Brosseau v. Haugen*, 543 U.S. 194, 197–98, 125 S.Ct. 596, 160 L.Ed.2d 583 (2004); *see also Brockmeier v. Solano Cnty. Sheriff's Dep't*, CIV–S05–2090 MCE–EFBPS, 2006 WL 3760276, at *12 (E.D.Cal.2006).

■ For the first time in their reply, Defendants raise the argument that the interference with familial relationship claim should be dismissed as asserted under the Fourth Amendment. Although untimely, the Court agrees the Fourth Amendment is an improper basis for Plain-

tiffs' claim regarding interference with the familial relationship. The parents of a victim of an unlawful police killing have personal standing to claim deprivation of familial relationship under the substantive due process clause of the Fourteenth Amendment. *See Moreland v. Las Vegas Metro. Police Dep't,* 159 F.3d 365, 371 (9th Cir.1998). Thus, the Fourteenth Amendment, not the Fourth Amendment, allows plaintiffs to bring claims for deprivation of or interference with familial relationship. *Jarreau–Griffin v. City of Vallejo,* 2:12–CV–02979–KJM, 2013 WL 6423379, at *4 (E.D.Cal.2013).

Accordingly, the Court grants, without leave to amend, Defendants' motion to dismiss the first cause of action insofar as it asserts a claim on behalf of Decedent for violation of his rights to be free from unreasonable searches and seizures and excessive or deadly force based on the Fourteenth Amendment and to the extent it asserts a violation of the right to be free from interference with familial relationships under the Fourth Amendment. *See Jarreau–Griffin,* 2013 WL 6423379, at *3–4; *Arres v. City of Fresno,* CV F 10–1628 LJO SMS, 2011 WL 284971, at *15–16 (E.D.Cal.2011). Otherwise, Defendants' motion to dismiss this claim is denied.

### 2. *Section 1983 Claims Against the City and Chief Kreins*

Defendants next contend Plaintiffs' second cause of action against the City for liability based on *Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), should be dismissed because it is "unsupported by any facts." MTD at p. 10. Plaintiffs respond that they have alleged sufficient facts to state a claim under *Monell.* Opp. at pp. 15–16.

■ "The elements of a *Monell* claim are (1) plaintiff was deprived of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate

indifference to plaintiff's constitutional right; and (4) the policy is the moving force behind the constitutional violation." *Howard v. City of Vallejo,* CIV. S–13–1439 LKK, 2013 WL 6070494, at *3 (E.D.Cal. 2013) (citing *Dougherty v. City of Covina,* 654 F.3d 892, 900 (9th Cir.2011)). "A custom or practice can be inferred from widespread practices or evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded." *Hunter v. County of Sacramento,* 652 F.3d 1225, 1233 (9th Cir.2011); *see also Menotti v. City of Seattle,* 409 F.3d 1113, 1147 (9th Cir.2005); *Gillette v. Delmore,* 979 F.2d 1342, 1349 (9th Cir.1992).

■ The FAC alleges that before the incident underlying this action took place, policymakers at the City, including Chief Kreins, knew of instances in which Officer Kenney and other officers shot individuals who did not pose a threat, including victims who were disabled, knew the shootings were unlawful and outside the accepted law enforcement standards, and yet took no action to correct training programs or policies and procedures that allowed such shootings to take place. FAC ¶ 35. The FAC specifically alleges, that despite this information, the City took no action to adequately investigate, supervise, discipline, or train Officer Kenney or the other officers. *Id.* Furthermore, the FAC alleges that the actions of the officers in this case were carried out pursuant to customs and practices within the Vallejo Police Department, which are listed in detail in the FAC. FAC ¶ 36. The FAC alleges these failures and customs and practices "were a moving force and/or a proximate cause of the deprivations of Plaintiffs'" constitutional rights. FAC ¶ 39.

The Court finds such factual allegations adequately allege a claim for *Monell* liabil-

ity. The court's decision in *IDC v. City of Vallejo,* 2:13–CV–1987 DAD, 2014 WL 2567185, at *1–2, *5–6 (E.D.Cal.2014) ("*IDC* "), is instructive in that it involved a similar motion under analogous allegations. The *IDC* court denied the motion to dismiss brought by defendants, including the City of Vallejo. *Id.* The court found that a *Monell* claim was sufficiently pleaded based on allegations that the officers involved, including Officer Kenney, had engaged in repeated acts of excessive force, misconduct, and civil rights violations prior to the relevant incident, and that despite knowledge of this, the City of Vallejo allegedly failed to take measures to prevent their repeated misconduct. *Id.*

The Court finds the reasoning in *IDC* persuasive and denies Defendants' motion to dismiss the second cause of action. The Court also notes that Defendants do not attack the claim for supervisory liability against Chief Kreins in the second cause of action; thus, the Court does not address the claim.

### 3. *State Law Claims*

Defendants contend Plaintiffs' state law claims in the fourth, fifth, sixth, and seventh causes of action should be dismissed because Plaintiffs have failed to comply with California Government Code § 945.4 ("§ 945.4"). MTD at pp. 16–18.

Section 945.4 requires a potential plaintiff to file a written claim with a public entity before a suit for money or damages may be brought against it. The claim must include a "general description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim." Cal. Gov't Code § 910.

Defendants direct the Court to the Government Tort Claim submitted by Plaintiffs to the City. MTD at p. 16. They contend this document describes factual circumstances consistent with a wrongful death claim. Defendants argue the state law causes of action for violation of California Civil Code § 52.1, negligence, assault and battery, and violation of California Civil Code § 51.7 are additional claims that "introduce a shift in theory from the factual scenario of a 'wrongful death claim' " as stated in the Government Tort Claim submitted to the City.

The Supreme Court of California has addressed this requirement:

> The purpose of these statutes is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." Consequently, a claim need not contain the detail and specificity required of a pleading, but need only **"fairly describe what [the] entity is alleged to have done."** As the purpose of the claim is to give the government entity notice sufficient for it to investigate and evaluate the claim, **not to eliminate meritorious actions,** the claims statute "should not be applied to snare the unwary where its purpose has been satisfied."

*Stockett v. Ass'n of California Water Agencies Joint Powers Ins. Auth.,* 34 Cal.4th 441, 446, 20 Cal.Rptr.3d 176, 99 P.3d 500 (2004) (internal citations omitted) (emphasis added).

▮ The Government Tort Claim submitted by Plaintiffs was on a standard form created and provided by the City. In response to the form's question, "What did City or employee(s) do to cause this loss, damage, or injury?" Plaintiffs responded "The police department shot our son while he was unarmed causing his death."

The Court finds Plaintiffs have "fairly described" what Defendants are alleged to have done. *Stockett,* 34 Cal.4th at 446, 20 Cal.Rptr.3d 176, 99 P.3d 500. The claim submitted by Plaintiffs adequately notifies Defendants of the underlying factual allegations presented in the FAC. Defendants

should have been able to effectively investigate the incident and should have reasonably expected possible claims for violation of constitutional rights (fourth cause of action), negligence (fifth cause of action), and assault and battery (sixth cause of action). Defendants' arguments to the contrary are unpersuasive and the Court denies the motion to dismiss as to these three claims.

As for the seventh cause of action for violation of Plaintiffs' rights because of Decedent's physical condition and/or disability, this claim is based on allegations not adequately included in the Government Tort Claim, and must be dismissed. There is no mention of Decedent's disability or medical condition, which serves as the basis for that claim. Since amendment would be futile, the seventh cause of action is dismissed with prejudice.

### III. ORDER

The Court GRANTS WITH PREJUDICE Defendants' motion to dismiss the first cause of action but only insofar as it asserts a claim on behalf of Decedent based on the Fourteenth Amendment for violation of his rights to be free from unreasonable searches and seizures and excessive or deadly force and to the extent it asserts claims for violation of the right to be free from interference with familial relationships based on the Fourth Amendment. The Court also GRANTS WITH PREJUDICE Defendants' motion to dismiss the seventh cause of action.

The Court DENIES Defendants' motion on all other grounds.

IT IS SO ORDERED.